**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD CRHISTIAN ROBINSON,<br><br>Petitioner,<br><br>v.<br><br>JIM ROBINSON,<br><br>Respondent. | No. 2:21-CV-0721-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss Petitioners First Amended Petition, ECF No. 18.

Respondent argues that the Petition should be dismissed on two grounds. First, Respondent asserts that Petitioner's challenges to prior convictions used to enhance current sentences are barred by the Supreme Court's decision in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001). Second, Respondent argues that the petition should be dismissed for failure to comply with Rule 2(e) of the Federal Rules Governing Section 2254 Cases, because Petitioner is challenging more than one state court conviction on the same petition. Under the facts before the Court, both grounds form the basis for relief here, and dismissal without prejudice is recommended.

///

### 1. The Lackawanna County Decision Bars Petitioner's Requested Relief

In <u>Lackawanna County District Attorney v. Coss,</u> 353 U.S. 394 (2001), the Supreme Court held that habeas relief is unavailable for state prisoners to challenge past convictions on the grounds that those convictions were used to enhance a current sentence. <u>See Lackawanna</u>, 532 U.S. at 396. This is grounded in the policy recognizing "the need for finality of convictions and ease of administration." <u>Id.</u> at 402.

However, in the <u>Lackawanna County</u> decision, the Supreme Court identified several potential exceptions to this prohibition, including but not limited to an exception for claims that the past conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." <u>Id.</u> at 404. Another potential exception exists where a "defendant may obtain compelling evidence that he is actually innocent . . . which he could not have uncovered in a timely manner." <u>Id.</u> at 405. Finally, an exception may lie where "a state court. . ., without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it." <u>Id.</u> The Ninth Circuit identified such a situation in <u>Dubrin v. California</u>, 720 F.3d 1095 (9th Cir. 2013), where a petitioner was allowed to attack a prior conviction used to enhance his sentence because the state courts erroneously dismissed the petitioner's claims, and "refus[ed] to reach the merits." <u>Id.</u> at 1100.

Here, in opposition to Respondent's motion, Petitioner states that his prior convictions were used to enhance his current sentence. <u>See</u> ECF No. 19, 9-10. Following the rule set down in <u>Lackawanna</u>, such a challenge is not cognizable. However, Petitioner argues that his prior convictions should fall within the potential exceptions laid down in <u>Lackawanna</u> and expounded upon in <u>Dubrin</u>. <u>See</u> ECF No. 19, 7-8. Specifically, Petitioner argues that in two prior state court cases (numbers S16CRM0096, and P17CRF0114) he was constructively denied counsel. <u>See id.</u> This could fall under the exception for challenges based on a failure to appoint counsel. Whether the facts of Petitioner's case are sufficient to show that his claims should proceed is difficult to say given that his petition is 1714 pages long, and contains significant portions of trial records, email chains, and lengthy case citations. <u>See e.g.</u> ECF No. 12 (amended

petition).  Because it is possible that Petitioner's challenges to past convictions may proceed, their potential bar is not dispositive on the current record.  Respondent's motion to dismiss should be granted, but without prejudice to Petitioner's ability to clearly allege facts which might place the case within a Lackawanna exception.

### 2. Rule 2 (e) Requires Petitioner to File Separate Petitions For Each Challenged Judgement

Respondent's second basis upon which dismissal is sought is Petitioner's failure to comply with Rule 2(e) of the Federal Rules Governing Section 2254 Cases, which states that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment . . . of each court." Fed. R. Gov. § 2254 Cases 2(e).  See, e.g., Byerly v. Davis, 2021 U.S. App. LEXIS 24848, *2 (9th Cir. 2021); Townsend v. Price, 2020 U.S. Dist. LEXIS 62840, *2-*3 (E.D. Cal. 2020) (adopted in full by Townsend v. Price, 2020 U.S. Dist. LEXIS 86173 (E.D. Cal. 2020)).  Petitioner has filed a challenge to three state court convictions, case numbers P17CRF0144, P16CRM0096, and S14CRM0465.  See ECF No. 12, 1.  While Petitioner may have valid challenges to each of these three state court convictions, his challenges to each must be filed separately.  Therefore, this petition should be dismissed without prejudice to Petitioner re-filing separate petitions challenging each conviction

Given the deficiencies is Petitioner's filing, the Court recommends dismissal of the current petition with leave to amend to allege additional facts relating to any Lackawanna exceptions. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 22, 2022

_____
 DENNIS M. COTA
 UNITED STATES MAGISTRATE JUDGE