IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CHRISTIAN ROBBEN,<br><br>        Petitioner,<br><br>   v.<br><br>JIM ROBINSON,<br><br>        Respondent. | No. 2:21-CV-0721-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 50. Petitioner filed an opposition. See ECF No. 51. Respondent filed a reply. ECF No. 52.

      Respondent argues that the amended petition still improperly challenges multiple state convictions. See ECF no. 50 at 1. This Court agrees and will recommend dismissal without prejudice so that Petitioner may file separate petitions.

/ / /

/ / /

/ / /

/ / /

/ / /


## I. BACKGROUND

Petitioner filed a petition for habeas corpus on April 20, 2021. See ECF No. 1. Petitioner filed a first amended petition as of right on October 1, 2021. See ECF No. 12. The amended petition totals 1,714 pages and challenged multiple convictions. See id. Respondent filed a motion to dismiss on December 16, 2021. See ECF No. 18. This Court recommended granting the motion to dismiss with leave to amend. See ECF No. 21. The District Court adopted the findings and recommendation and granted Petitioner leave to amend to file separate petitions challenging each of his prior convictions. See ECF No. 25.

Petitioner made multiple requests for extensions of time to file an amended petition. See ECF Nos. 28, 38, 40, and 42. This Court denied Petitioner's most recent request after granting two of the previous requests. See ECF Nos. 39, 41, and 43. Petitioner filed a second amended petition (erroneously labeled as a third amended petition) on April 1, 2024. See ECF No. 47. Respondent filed the pending motion to dismiss on May 31, 2024. See ECF No. 50.

## II. DISCUSSION

In the second amended petition, Petitioner asserts that the California Governor, state judges, and Attorney General do not properly hold their offices because they do not have surety bonds and because they have loyalty oath issues. See ECF No. 47, pgs. 5, 15. According to Petitioner:

> They hold office *de facto* and have been challenged in *quo warranto* which has led to a constitutional crisis since the State of California Governor Gavin Newsom and his Attorney General are unlawfully holding office de facto and have been called out literally by the Petitioner who has claimed all their seats. Petitioner legally claim-jumped all seats of government in the State and Republic of California.

See id. at 24.

Petitioner gives various reasons for challenging the outcomes in multiple separate state court criminal cases: case no. P17CRF0114, case no. P17CRM0089, case no. S14CRM0465, and case no. S16CRM0096. See ECF No. 47-1, pg. 24.

///

Respondent argues the second amended petition continues to improperly challenges multiple state court convictions. See ECF No. 50, pg. 1. The Court agrees.

Rule 2(e) of the Federal Rules Governing Section 2254 Cases in the United States District Courts mandates that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment . . . of each court." Fed. R. Gov. § 2254 Cases 2(e); see, e.g., Byerly v. Davis, 2021 U.S. App. LEXIS 24848, *2 (9th Cir. 2021); Townsend v. Price, 2020 U.S. Dist. LEXIS 62840, *2-*3 (E.D. Cal. 2020) (adopted in full by Townsend v. Price, 2020 U.S. Dist. LEXIS 86173 (E.D. Cal. 2020)).

Here, as with the first amended petition, Petitioner is using one petition to challenge multiple state court convictions. Because one habeas petition may not be used to challenge multiple state convictions, the second amended petition continues to be improper. The prior amended petition was dismissed for the same issue – it challenged multiple separate state convictions – and was dismissed without prejudice and with leave to amend to give petitioner a chance to file separate petitions. See ECF No. 25. Given this history, the Court does not recommend granting further leave to amend.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 50 be GRANTED and that this action be dismissed without prejudice to re-filing separate new actions each challenging a separate state court conviction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections.

/ / /

/ / /

/ / /

/ / /

Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 30, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE