1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TODD CHRISTIAN ROBBEN,                    No.  2:21-CV-0721-WBS-DMC-P

12              Petitioner,

13         v.                                   ORDER

14    JIM ROBINSON,                             and

15              Respondent.                     FINDINGS AND RECOMMENDATIONS

16

17         Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ

18    of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's second

19    amended petition (erroneously captioned and docketed as a third amended petition).  See ECF

20    No. 47.

21         Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

22    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

23    annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it

24    is plain that Petitioner is not entitled to federal habeas relief.

25         The operative amended petition challenges separate convictions issued in the El

26    Dorado County Superior Court.  See id.  According to petitioner, each of the convictions he

27    challenges arose out of matters presided over by retired judges.  See id.  Plaintiff claims that these

28    convictions are all invalid because retired judges have no legal authority to act.  See id.

                                               1

1      Because this action was filed after April 26, 1996, the provisions of the

2  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable.

3  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128

4  F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  Under AEDPA, federal

5  habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in

6  state court proceedings unless the state court's adjudication of the claim:

7              (1) resulted in a decision that was contrary to, or involved an
               unreasonable application of, clearly established Federal law, as
8              determined by the Supreme Court of the United States; or

9              (2) resulted in a decision that was based on an unreasonable
               determination of the facts in light of the evidence presented in the
10             State court proceeding.

11      Under § 2254(d)(1), federal habeas relief is available only where the state court's

12  decision is "contrary to" or represents an "unreasonable application of" clearly established law.

13  Under both standards, "clearly established law" means those holdings of the United States

14  Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549

15  U.S. 70, 74 (2006) (citing Williams, 529 U.S. at 412).

16      Here, the Court finds that Petitioner cannot obtain federal habeas relief because

17  Petitioner has cited to no United States Supreme Court authority holding that retired state court

18  judges cannot preside over state criminal cases, and the Court is aware of no such authority

19  invalidating California's Temporary Assigned Judges Program which allows the state Chief

20  Justice to provide for the temporary assignment of retired judges to any court with all the powers

21  of the office.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

1         Based on the foregoing, the undersigned orders and recommends as follows:

2         1.     It is ORDERED that the findings and recommendations at ECF No. 53 are

3 vacated.

4         2.     It is RECOMMENDED that this action be summarily dismissed.

5         3.     It is RECOMMENDED that Respondent's motion to dismiss, ECF No. 50,

6 be denied as moot.

7         These findings and recommendations are submitted to the United States District

8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9 after being served with these findings and recommendations, any party may file written

10 objections with the court.  Responses to objections shall be filed within 14 days after service of

11 objections.  Failure to file objections within the specified time may waive the right to appeal.  See

12 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14 Dated:  March 9, 2026

15                       DENNIS M. COTA

16                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28